| | |
|---|---|
| 1 | KIM DAVID STASKUS (CA BAR NO. 96137)    ** E-filed November 4, 2010 ** |
| | Law Offices of Kim David Staskus |
| 2 | A Professional Corporation |
| | 1631 Willow Street, Suite 100 |
| 3 | San Jose, CA 95125 |
| | (408) 264-0155 |
| 4 | (408) 266-1859 (facsimile) |
| | kimstaskus@mgle-law.com |
| 5 | |
| | Attorney for Plaintiffs David E. Woodward, Sr., and |
| 6 | Heidie L. Woodward |
| 7 | |
| | MELINDA HAAG (CSBN 132612) |
| 8 | United States Attorney |
| | JOANN M. SWANSON (CSBN 88143) |
| 9 | Chief, Civil Division |
| | JENNIFER S WANG (CSBN 233155) |
| 10 | Assistant United States Attorney |
| 11 | 450 Golden Gate Avenue, Box 36055 |
| | San Francisco, California 94102-3495 |
| 12 | Telephone: (415) 436-6967 |
| | Facsimile:  (415) 436-6748 |
| 13 | Email: jennifer.s.wang@usdoj.gov |
| 14 | Attorneys for the Federal Defendant |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | | | |
|---|---|---|---|
| 18 | DAVID E. WOODWARD, SR., | ) | No. C 10-1243 HRL |
| 19 | | ) | No. C 10-4671 HRL |
| | Plaintiff, | ) | |
| 20 | | ) | **SETTLEMENT AGREEMENT AND** |
| | v. | ) | [~~PROPOSED~~] **ORDER** |
| 21 | | ) | |
| | UNITED STATES OF AMERICA, | ) | |
| 22 | | ) | |
| | Defendant. | ) | |
| 23 | ——————————————— | ) | |
| | | ) | |
| 24 | HEIDIE L. WOODWARD, | ) | |
| | | ) | |
| 25 | Plaintiff, | ) | |
| | | ) | |
| 26 | v. | ) | |
| | | ) | |
| 27 | UNITED STATES OF AMERICA, | ) | |
| | | ) | |
| 28 | Defendant. | ) | |
| | ——————————————— | ) | |

IT IS HEREBY STIPULATED by and between the undersigned plaintiffs, David E. Woodward, Sr. and Heidie L. Woodward (collectively, "plaintiffs"), and the United States of America, by and through their respective attorneys, as follows:

WHEREAS, plaintiff David E. Woodward, Sr., filed *David E. Woodward, Sr. v. United States of America*, United States District Court for the Northern District of California Case Number C10-1243 HRL;

WHEREAS, plaintiff Heidie L. Woodward filed *Heidie L. Woodward v. United States of America*, United States District Court for the Northern District of California Case No. C10-4671 HRL;

WHEREAS, plaintiff David E. Woodward, Sr., submitted an administrative claim with the Department of Veterans Affairs, dated September 18, 2009:

WHEREAS, plaintiff Heidie L. Woodward submitted an administrative claim with the Department of Veterans Affairs, dated February 26, 2010:

WHEREAS, plaintiffs and the United States of America wish to avoid any further litigation and controversy and to settle and compromise fully each and every claim of any kind, whether known or unknown, arising directly or indirectly from the acts or omissions that gave rise to the above-captioned actions;

NOW, THEREFORE, in consideration of the mutual promises contained in this Settlement Agreement (the "Agreement"), and other good and valuable consideration, receipt of which is hereby acknowledged, the parties agree as follows:

1. The parties hereby agree to settle and compromise *David E. Woodward, Sr. v. United States of America*, United States District Court for the Northern District of California Case Number C10-1243 HRL and *Heidie L. Woodward v. United States of America*, United States District Court for the Northern District of California Case Number C10- 4671 HRL (the "Lawsuits"), under the terms and conditions set forth herein.

2. The United States of America agrees to pay the sum of Two Hundred Fifty Thousand Dollars and Zero Cents ($250,000.00) (the "Settlement Amount"), which sum shall be in full settlement and satisfaction of any and all claims, demands, rights, and causes of action of

1  whatsoever kind and nature, arising from, and by reason of any and all known and unknown,
2  foreseen and unforeseen bodily and personal injuries, damage to property and the consequences
3  thereof, resulting, and to result, from the same subject matter that gave rise to the Lawsuits,
4  including any claims for wrongful death, for which plaintiffs or their guardians, heirs, executors,
5  administrators, or assigns, and each of them, now have or may hereafter acquire against the
6  United States of America, its agencies, agents, servants, and employees.

7      3.    Plaintiffs and their guardians, heirs, executors, administrators, and assigns hereby
8  agree to accept the Settlement Amount in full settlement and satisfaction of any and all claims,
9  demands, rights, or causes of action of whatsoever kind and nature, including claims for
10 wrongful death, arising from, and by reason of any and all known and unknown, foreseen and
11 unforeseen bodily and personal injuries, damage to property and the consequences thereof which
12 they may have or hereafter acquire against the United States of America, its agencies, agents,
13 servants, and employees on account of the same subject matter that gave rise to the Lawsuits,
14 including any future claim or lawsuit of any kind or type whatsoever, whether known or
15 unknown, and whether for compensatory or exemplary damages.  Plaintiffs and their guardians,
16 heirs, executors, administrators, or assigns further agree to reimburse, indemnify, and hold
17 harmless the United States of America, its agencies, agents, servants, and employees from and
18 against any and all such causes of action, claims, liens, rights, or subrogated or contribution
19 interests incident to or resulting from further litigation or the prosecution of claims by plaintiffs
20 or their guardians, heirs, executors, administrators, or assigns against any third party or against
21 the United States of America, including claims for wrongful death.

22     4.    This Agreement shall not constitute an admission of liability or fault on the part of
23 the United States of America, its agencies, agents, servants, or employees, and is entered into by
24 and between the parties for the purpose of compromising disputed claims and avoiding the
25 expenses and risks of litigation.

26     5.    This Agreement may be pled as a full and complete defense to any subsequent
27 action or other proceeding involving any person or party which arises out of the claims released
28 and discharged by this Agreement.

6. The Settlement Amount represents the entire amount of the compromise settlement. The parties will each bear their own costs, attorneys' fees, and expenses, and any attorneys' fees or liens owed by plaintiffs will be paid out of the Settlement Amount and not in addition thereto.

7. It is also understood by plaintiffs that, pursuant to Title 28, Section 2678 of the United States Code, attorneys' fees for services rendered in connection with this Lawsuits shall not exceed 25 percent of the Settlement Amount.

8. It is also agreed, by and among the parties, that payment of the Settlement Amount will be made by government wire transfer to the Kim David Staskus IOLTA Trust Account, at Comerica Bank, 333 West Santa Clara Street, San Jose, CA 95113-4350.

9. In consideration of the payment referred to in Paragraph 2, Plaintiffs agree that, immediately upon execution of this Agreement, they will each execute a Stipulation of Dismissal, which shall dismiss, with prejudice, all claims asserted in the Lawsuits or any claims that could have been asserted in the Lawsuits, which are captioned *David E. Woodward, Sr. v. United States of America*, C 10-1243 HRL and *Heidie L. Woodward v. United States of America*, C10-4671 HRL. The fully executed Stipulations of Dismissal will be held by counsel for the Federal Defendant and will be filed with the Court upon receipt by plaintiffs' counsel of the settlement sum described in Paragraph 2.

10. Plaintiffs have been informed that payment of the Settlement Amount may take sixty days or more to process, but defendant agrees to make good faith efforts to expeditiously process the payment.

11. There shall be no withholding from the Settlement Amount. Plaintiffs understand that this payment will be reported to the Internal Revenue Service ("IRS"), and that any questions as to the tax liability, if any, as a result of this payment is a matter solely between plaintiffs and the IRS.

12. The parties agree that should any dispute arise with respect to the implementation of the terms of this Agreement, plaintiffs shall not seek to rescind the Agreement and pursue their original causes of action. Plaintiffs' sole remedy in such a dispute is an action to enforce the

Agreement in the United States District Court. The parties agree that the United States District Court will retain jurisdiction over this matter for purposes of resolving any dispute alleging a breach of this Agreement.

13. In consideration of payment of the Settlement Amount and this Agreement, plaintiffs hereby release and forever discharge the United States of America and any and all of its past and present officials, employees, agencies, agents, attorneys, successors, and assigns from any and all obligations, damages, liabilities, actions, causes of action, claims, and demands of any kind and nature whatsoever, whether suspected or unsuspected, at law or in equity, known or unknown, arising out of the allegations set forth in the pleadings in the Lawsuits.

14. California Civil Code Section provides as follows:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

Plaintiffs, having been apprised of such language by their attorney, and fully understanding the same, nevertheless waive the benefits of any and all rights they may have pursuant to Section 1542 and any similar provisions of federal law. Plaintiffs understand that, if the facts concerning their injuries and the liability of the defendant for damages pertaining thereto are found hereinafter to be other than or different from the facts now believed to be true, this Agreement shall be and remain effective notwithstanding such difference.

15. This instrument shall constitute the entire agreement between the parties, and it is expressly understood and agreed that this Agreement has been freely and voluntarily entered into by the parties with the advice of counsel, who have explained the legal effect of this Agreement. The parties further acknowledge that no warranties or representations have been made on any subject other than as set forth in this Agreement. This Agreement may not be altered, modified, amended, or otherwise changed in any respect except by writing, duly executed by all parties and their authorized representatives.

16. The persons signing this Agreement warrant and represent that they possess full authority to bind the persons on whose behalf they are signing to the terms of the settlement.

SETTLEMENT AGREEMENT
CASE No. C10-1243 HRL; and
CASE No. C10-4671 HRL                     5

1    17. It is contemplated that this Agreement may be executed in several counterparts, with a separate signature page for each party. All such counterparts and signature pages, together, shall be deemed to be one document.

Dated: 10-20-10

DAVID E. WOODWARD, SR.
Plaintiff

Dated: 10-20-10

HEIDIE L. WOODWARD
Plaintiff

LAW OFFICES OF KIM DAVID STASKUS

Dated: 10-20-10

KIM DAVID STASKUS
Attorney for Plaintiff

MELINDA HAAG
United States Attorney

Dated: Nov. 1, 2010

JENNIFER S WANG
Assistant United States Attorney
Attorneys for Federal Defendant

## [PROPOSED] ORDER

THE ABOVE SETTLEMENT AGREEMENT IS APPROVED, AND IT IS SO ORDERED.

Dated: November 4, 2010

HOWARD R. LLOYD
United States Magistrate Judge

SETTLEMENT AGREEMENT
CASE No. C10-1243 HRL; and
CASE No. C10-4671 HRL                        6